UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL V. LEVY,

              Plaintiff,

-against-

              Defendants

THE TOWN OF NORTH HEMPSTEAD and TOWN ATTORNEY its assignees, and LAURA SAROWITZ ASSISTANT DISTRICT ATTORNEY

12 CV-1777 (JFB)(ETB)

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Dated: Manhasset, New York
       August 31, 2012

                              Yours, etc.,

                              **HON. JOHN B. RIORDAN, Town Attorney**
                              Attorney for Defendant
                              TOWN OF NORTH HEMPSTEAD
                              220 Plandome Road, P.O. Box. 3000
                              Manhasset, New York 11030
                              (516) 869-7600
                              File No.: LTA 10326

## SUMMARY OF FACTS

Plaintiff Michael V. Levy brings this action seeking declaratory relief against the Town of North Hempstead ("TOWN"). The "Town Attorney" is also listed as a defendant.

Mr. Levy alleges that on or about October 14, 2011, "Officer J. Mauro from the Nassau County Police Department" issued traffic violations to him. **See Exhibit A -Document #7-at paragraphs 6-9**[1]. He further alleges that he is being wrongfully prosecuted in connection with those traffic violations and that "the Town of Hempstead (sic) prosecutor Assistant District Attorney LAURA SAROWITZ is prosecuting on behalf of the Town of North Hempstead". **See Exhibit A** - Document #7-at paragraph 12.

There is an ongoing prosecution of Mr. Levy in connection with the traffic summonses referenced in his complaint. *See The People of the State of New York v. Michael Levy*, Docket No. 2011NA025681 (First District Court Nassau County). The court records in that matter list another appearance scheduled for September 27, 2012. *See* **Exhibit B**.

Neither "Officer J. Mauro from the Nassau County Police Department" nor "Assistant District Attorney LAURA SAROWITZ" is employee or agent of the TOWN. *See* **Exhibit G**.

Additionally, it seems clear that Mr. Levy understands that his lawsuit against the TOWN should be dismissed. He filed an affidavit with the Nasau County District Court, stating that he was "willing to withdraw his federal action respect to the Town of North Hempstead and Town Attorney when Laura Sarowitz dismiss and expunges any and all records on the want of prosecution alleged

---

[1] "Exhibits" are annexed to the separate Affirmation of Lorienton N.A. Palmer. "Document #" refers to the documents filed with the clerk of the court.

against Affiant." **Exhibit I at ¶¶ 11**.

Finally, the "Town of North Hempstead, Office of the Town Attorney" is a department of the TOWN. It is not a separate entity. *See* **Exhibit G**. As such, to the claim against the "Town Attorney" should be dismissed.

## SUMMARY OF ARGUMENT

Summary judgment should be granted and Mr. Levy's claims against the TOWN and against the "Town Attorney" should be dismissed. *See* Fed. R. Civ. P. 56 ( c ). The TOWN does employ police Officer Mauro or Ms. Liebowitz and is therefore not liable for their alleged conduct or for the traffic tickets that were issued to Mr. Levy. *See, e.g., Vasquez v. City of New York*, Not Reported in F. Supp.2d, 2000 WL 869492 (SDNY. 2000 **-copy attached**). The "Town Attorney" is not a legal entity. The claims against that defendant should be dismissed. *See, e.g., Russell v. County of Nassau*, 696 F.Supp.2d 213 (EDNY 2010).

## ARGUMENT

Summary judgment is appropriate where the pleadings, depositions, answers, interrogatories and admissions on file, along with any affidavits, show that there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c).

When the movant shows that it is entitled to summary judgment, the party who opposes the motion "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also, *National Westminister Bank USA v. Ross,* 676 F. Supp. 478, 51 (SDNY 1987). The party opposing the motion must provide evidence that a jury could use to find in its favor. The Second Circuit has repeatedly stated that: "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." *See, e.g., Niagra Mohawk Power Corp. v. Jones Chemical, Inc.,* 315 F.3d 171, 175 (2d Cir. 2003).

3

If the party who opposes the motion is *pro se*, then the Court interprets that *pro se* party's opposing papers liberally to allow for the "strongest possible arguments that" the opposing papers suggest. *See e.g., Forsyth v. Fed'n Empl. & Guidance Serv.,* 409 F.3d 565, 569 (2d Cir. 2005).

However, the law is also clear that a Municipality is only liable for the conduct of its employees. It is not liable for the conduct of strangers or for the conduct of those employed by other government entities. *See, e.g., Vasquez v. City of New York,* Not Reported in F. Supp.2d, 2000 WL 869492 (SDNY 2000- **copy attached**) (Since "the officers who arrested Vasquez could not have been NYCHA police officers, and thus NYCHA cannot be held liable for the arresting officers' actions"); *Banker v. County of Livingston,* 782 F.Supp.2d 39, 47 (WDNY 2011)("the Complaint fails to plausibly state a municipal liability claim against the County based on a failure to train or supervise, since the County never employed Hanglow"); *Bliven v. Hunt,* 478 F.Supp.2d 332, 340 (EDNY 20007)("Family Court judges and their court attorneys are not municipal employees; they are State employees. Defendant does not train or supervise these employees and therefore, cannot be held liable for any alleged failure to train and supervise").

Here, the pleadings and the affidavit of David Fooden show that Officer J. Mauro of the Nassau County Police Department and Assistant District Attorney Laura Sarowitz- who Mr. Levy states are connected to the traffic tickets and the prosecution those traffic tickets- are not employees of the TOWN. In fact, based on how those two individuals are identified in Mr. Levy's Amended Complaint (Document #7), it is clear that he knows those individuals are not TOWN employees.

Separately, in response to letters that were written to Mr. Levy explaining that the TOWN has no connection to the Officer J. Mauro or to the ongoing District Court case against him, Mr. Levy stated in his affidavit to the District Court (Exhibit I) that he was "willing to withdraw his federal action respect to the Town of North Hempstead and Town Attorney when Laura Sarowitz

4

dismiss and expunges any and all records on the want of prosecution alleged against" him.

This statement shows that Mr. Levy understands that his claims against the TOWN and against the "Town Attorney" are not viable. In fact, he says he will only dismiss the claims against the TOWN and the "Town Attorney" if the Nassau County District Attorney dismisses the traffic violations against him. However, TOWN has no control over the Office of the Nassau County District Attorney. *See, e.g., Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)("It is well established in New York that the district attorney, and the district attorney alone, should decide when and in what manner to prosecute a suspected offender").

Finally, the "Town Attorney" is also named as a defendant and Mr. Levy's complaint may be construed as making a claim against the "Town of North Hempstead, Office of the Town Attorney." However, "Town of North Hempstead, Office of the Town Attorney" is a department of the TOWN. It is not a separate entity. *See* **Exhibit G.** As such, the claim against the "Town Attorney" should be dismissed. *See, e.g., Russell v. County of Nassau*, 696 F.Supp.2d 213 (EDNY 2010)( The HR Commission is a department of the County and "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"); *Fanelli v. Town of Harrison*, 46 F.Supp.2d 254, 257 (SDNY 1999)( "Under New York law, departments such as the Town of Harrison Police Department, which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued").

## **CONCLUSION**

The TOWN does employ police Officer Mauro or Ms. Liebowitz and is therefore not liable for their conduct or for anything related to the traffic tickets that were issued to Mr. Levy. As such,

there is no triable issue of fact as to the liability of the TOWN and the TOWN is entitled to summary judgment dismissing the complaint and all cross-claims against it and against the "Town Attorney"

**WHEREFORE,** it is respectfully requested that the Court grant the within motion to dismiss and for summary judgment and dismiss plaintiffs' Complaint the Town of North Hempstead and against the Town of North Hempstead, Office of the Town Attorney, together with such other and further relief as the Court deems just and proper.

Dated: Manhasset, New York
      August 31, 2012

                                              Yours, etc.,

                                  HON. JOHN B. RIORDAN, Town Attorney

By: _____
                Lorienton N. A. Palmer
        Deputy Town Attorney
        Attorney for Defendant
        TOWN OF NORTH HEMPSTEAD
        220 Plandome Road, P.O. Box. 3000
        Manhasset, New York 11030
        (516) 869-7600
        File No.: LTA 10326

Not Reported in F.Supp.2d, 2000 WL 869492 (S.D.N.Y.)
(Cite as: 2000 WL 869492 (S.D.N.Y.))

C
Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
George VASQUEZ, Plaintiff,
v.
THE CITY OF NEW YORK, New York City Police Department, New York City Housing Authority, New York City Housing Police Officers John Doe # 1 through # 5, New York City Police Officer John Doe # 6, 9th Precinct, New York City Police Officers John Doe # 7 and # 8, Defendants.

No. 99 Civ. 4606(DC).
June 29, 2000.

George Vasquez, New York, New York, Plaintiff, pro se.

Newman Fitch Altheim Myers, P.C., New York City Housing Authority, By: Jami Berliner, New York, New York, for Defendant.

Michael D. Hess, Corporation Counsel of the City of New York, By: Frances Sands, New York, New York, for Defendants City of New York and New York City Police Department.

*MEMORANDUM DECISION*
CHIN, J.
*1 Pro se plaintiff George Vasquez was arrested and incarcerated on September 21, 1995 for Criminal Sale of a Controlled Substance in the Third Degree. He remained incarcerated until April 17, 1996, when he was acquitted of the charge after a jury trial. Vasquez then commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging false arrest, false imprisonment, and malicious prosecution by defendants, in violation of his constitutional rights. Defendants move to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment, pursuant to Fed.R.Civ.P. 56. Plaintiff did not respond to defendants' motions. For the reasons that follow, the motions to dismiss are granted and the complaint is dismissed.

*BACKGROUND*
The facts as alleged by Vasquez, and assumed to be true on these motions to dismiss,[FN1] are as follows:

FN1. I decide these motions as motions to dismiss, as I have considered only facts drawn from the complaint, the exhibits annexed thereto, documents incorporated into the complaint by reference, and documents that are in the public record and that are judicially noticeable. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir.1991); Fed.R.Evid. 201(b)(2). Defendants have submitted a number of public records from Vasquez's criminal file as exhibits, including the New York City Police Department arrest report, the criminal felony complaint, the indictment, and the acquittal. "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir.1998), cert. denied, 525 U.S. 1103 (1998); see also 5–Star Management, Inc. v. Rogers, 940 F.Supp. 512, 518–19 (E.D.N.Y.1996). Plaintiff had actual notice of all the information in these documents and has relied on them in framing his complaint. Therefore, I may rely on them in deciding the motions to dismiss. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991), cert. denied, 503 U.S. 960 (1992). Moreover, I rely on the public documents not for the truth of the facts set forth therein, but for the fact that the documents existed.

On September 21, 1995, plaintiff was arrested and incarcerated for Criminal Sale of a Controlled Substance in the Third Degree in violation of Penal Law § 220.39(1).[FN2] (Compl. ¶ 4; City's Notice of Motion, Ex. A (Arrest Report)). The Criminal Felony Complaint alleges in pertinent part that New York City Police Officer Nathan McKinney observed Vasquez "give Maria Nelson ... a narcotic drug, to wit five bags of heroin and one bag of cocaine, in exchange for money." (City's Notice of Motion, Ex. B (Criminal Felony Complaint)).

FN2. The complaint states that plaintiff was arrested on September 9, 1995. (Compl.¶ 4). The arrest report indicates that the date was September 21, 1995. (City's Notice of Motion, Ex. A (Arrest Report)).

Not Reported in F.Supp.2d, 2000 WL 869492 (S.D.N.Y.)
(Cite as: 2000 WL 869492 (S.D.N.Y.))

Vasquez was indicted by the Special Narcotics Grand Jury on the charge of Criminal Sale of a Controlled Substance in the Third Degree on November 30, 1995. (Compl. ¶ 4; City's Notice of Motion, Ex. C (Grand Jury Indictment)). On April 17, 1996, after a jury trial, he was acquitted of the charge. (Compl. ¶ 4; City's Notice of Motion, Ex. D (Acquittal)). Vasquez had been incarcerated from the time of his arrest until his acquittal. (Compl.¶ 4).

On April 16, 1999, plaintiff filed the instant complaint, seeking $500,000 in compensatory damages and $100,000 in punitive damages, alleging false arrest, false imprisonment, and malicious prosecution. Defendants City of New York (the "City") and the New York City Police Department (the "NYPD") moved to dismiss the complaint or, in the alternative, for summary judgment on November 30, 1999. On December 3, 1999, defendant New York City Housing Authority (the "NYCHA") filed a similar motion.[FN3]

> FN3. Although counsel for the City Defendants and the NYCHA did not move on behalf of the unidentified NYPD and NYCHA police officers named in the complaint as John Does 1–8, the claims against these defendants must be dismissed as well for the reasons set forth below.

In an order dated December 8, 1999, I set a briefing schedule and cautioned plaintiff that if he did not file his opposition papers by January 10, 2000, the motions would be granted by default or decided without his input. By letter dated December 28, 1999, plaintiff requested additional time to respond to the defendants' motions; I granted that request and extended plaintiff's time to respond until March 10, 2000. To date, plaintiff has not filed papers opposing defendants' motions.

*DISCUSSION*
A. *General Legal Standards*

1. *Motion to Dismiss*

*2 In reviewing a motion to dismiss, I must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). A complaint may not be dismissed under Rule 12(b)(6) unless it " 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Therefore, the issue before the Court " 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235–236 (1974)), *cert. denied*, 519 U.S. 808 (1996). Moreover, the allegations of a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2. *Section 1983*

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that: (1) the defendants acted under "color of state law"; and (2) their conduct or actions deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. *Shabazz v. Vacco*, No. 97 Civ. 3761(DC), 1998 WL 901737, at *2 (S.D.N.Y. Dec. 28, 1998) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994)).

To withstand a motion to dismiss, a § 1983 complaint must contain specific allegations of fact indicating a deprivation of constitutional rights. *See id.* In assessing a prisoner's claims under § 1983, the court "will dismiss a complaint that 'consist[s] of nothing more than naked assertions, and set[s] forth no facts upon which a court could find a [constitutional] violation.' " *Mitchell v. Keane*, 974 F.Supp. 332, 338 (S.D.N.Y.1997) (quoting *Martin v. New York State Dep't of Mental Hygiene*, 588 F .2d 371, 372 (2d Cir.1978)), *aff'd*, 175 F.3d 1008 (2d Cir.1999); *see also Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987) (broad, simple, and conclusory statements do not constitute a claim under § 1983).

B. *Application*

Plaintiff alleges that he was "false[ly] arrest[ed] for a crime that [he] did not commit." (Compl.¶ 4). The complaint does not explicitly invoke any particular constitutional provisions. Because I am required to liberally construe plaintiff's *pro se* papers " 'to raise the strongest arguments that they suggest,' " *see Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)), I construe the complaint as seeking to raise two constitutional claims: (1) a Fourth Amendment false ar-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2000 WL 869492 (S.D.N.Y.)
**(Cite as: 2000 WL 869492 (S.D.N.Y.))**

rest/false imprisonment claim, *see Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) ("A § 1983 claim for false arrest rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause ...."); and (2) a Fourteenth Amendment malicious prosecution claim. *See Cook v. Sheldon,* 41 F.3d 73, 79 (2d Cir.1994) ("Section 1983 liability may also be anchored in a claim for malicious prosecution, as this tort 'typically implicates constitutional rights secured by the fourteenth amendment, such as deprivation of liberty.' ") (quoting *Easton v. Sundram,* 947 F.2d 1011, 1017 (2d Cir.1991), *cert. denied,* 504 U.S. 911 (1992)).

1. *The City and the NYPD Officers*

A. *False Arrest and False Imprisonment*

**\*3** To the extent that plaintiff is alleging false arrest and false imprisonment, they are considered synonymous causes of action. *See Posr v. Doherty,* 944 F.2d 91, 96 (2d Cir.1991). "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Covington v. City of New York,* 171 F.3d 117, 125 (2d Cir.) (Glasser, J., dissenting), *cert. denied,* ___ U.S. ___, 120 S.Ct. 363 (1999).

The elements necessary to state a claim for false arrest under § 1983 are the same as those necessary to state a claim for false arrest under New York state law. *See Weyant,* 101 F.3d at 852. To state a claim for false arrest under New York state law, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified. *See Posr,* 944 F.2d at 97.

For purposes of these motions to dismiss, I assume that Vasquez has alleged and can prove that the defendants intentionally confined him, that he was conscious of the confinement, and that he did not consent to the confinement. On the facts alleged, however, he cannot demonstrate that the confinement was not otherwise justified.

The existence of probable cause is a complete defense to an action for false arrest, even where a person is ultimately acquitted, because it constitutes justification. *See Weyant,* 101 F.3d at 852 (citing *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994)); *see also Montalvo v. New York City Police Officer Jennings,* No. 93 Civ. 8351(KMW), 1996 WL 148483, at \*2 (S.D.N.Y. Apr. 1, 1996). "Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991), *cert. denied,* 505 U.S. 1221 (1992). The Second Circuit has held that a determination of whether probable cause to arrest existed may be made "as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers ." *Weyant,* 101 F.3d at 852 (citations omitted). Furthermore, under New York law, a grand jury indictment creates "a presumption of probable cause that can be overcome only by a showing that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Bernard,* 25 F.3d at 104; *see also Green v. Montgomery,* No. 99–7515, 2000 WL 674757, at \*7 (2d Cir. May 24, 2000) (citing *Marshall v. Sullivan,* 105 F.3d 47, 54 (2d Cir.1996)).

In the instant case, plaintiff was indicted by the Special Narcotics Grand Jury on November 30, 1995. Plaintiff's complaint pleads no facts suggesting fraud, perjury, suppression of evidence, or police misconduct. Nor does he allege any facts to call into question the presumption of probable cause created by the grand jury indictment. *See McSorley v. Consolidated Rail Corp.,* 581 F.Supp. 642, 643 (S.D.N.Y.1984). Even under the liberal pleading requirements of Fed.R.Civ.P. 8, the complaint must allege facts showing that the pleader is entitled to relief. *Id.* at 644. Naked assertions and conclusory allegations cannot defeat a motion to dismiss. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983); *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978). Thus, plaintiff fails to state a Fourth Amendment claim for false arrest or false imprisonment against the NYPD police officers, and the claims against the officers are hereby dismissed.

**\*4** Insofar as plaintiff's false arrest and false imprisonment claims against the City are based on the alleged actions of the NYPD officers, those claims must be dismissed as well. *See Thomas v.. Roach,* 165 F.3d 137, 145 (2d Cir.1999) ("A municipality is sub-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2000 WL 869492 (S.D.N.Y.)
(Cite as: 2000 WL 869492 (S.D.N.Y.))

ject to liability for damages under § 1983 for the unconstitutional acts of *its employees.*") (emphasis added).

B. *Malicious Prosecution*
Plaintiff's malicious prosecution claim fails for similar reasons.

The elements of a cause of action for malicious prosecution are "(1) the initiation of a proceeding, (2) termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." Colon v. City of New York, 60 N.Y.2d 78, 82, 455 N.E.2d 1248, 1250, 468 N.Y.S.2d 453, 455 (1983). For purposes of these motions to dismiss, I assume that a proceeding was initiated against Vasquez and that it was terminated in his favor. He fails, however, to show that the officers lacked probable cause to initiate the proceeding or that the prosecution was motivated by malice.

The existence of probable cause defeats a claim for malicious prosecution. *Id.* As discussed above, a grand jury indictment creates a presumption of the existence of probable cause, and "[u]nder such circumstances, the plaintiff must plead facts which, if proved, would overcome the *prima facie* showing." McSorley, 581 F.Supp. at 643. Again, plaintiff has failed to plead facts sufficient to overcome the presumption of probable cause created by the indictment. Furthermore, Vasquez's complaint is devoid of any allegations of malice on the part of the officers. Accordingly, plaintiff fails to state a claim for malicious prosecution against the NYPD officers.

Because Vasquez cannot maintain his malicious prosecution claim against the City if the NYPD officers are not liable, *see* Thomas, 165 F.3d at 145, his malicious prosecution claim against the City is also dismissed.

2. *New York City Police Department*
Vasquez's claims against the NYPD must be dismissed both because the claims against the officers must be dismissed and because the NYPD is not a proper defendant.

Under the City Charter, "New York City agencies such as the [NYPD] are organizational subdivisions of the City of New York lacking independent legal existence and, therefore, cannot be sued under § 1983." *Campbell v. New York Police Dep't*, No. 95 Civ. 1478(FB), 1996 WL 118547, at *1 (E.D.N.Y. Mar. 8, 1996); *see also* East Coast Novelty Co. v. City of New York, 781 F.Supp. 999, 1010 (S.D.N.Y.1992). Accordingly, the plaintiff's claims against the NYPD are dismissed.

3. *NYCHA and the NYCHA Police Officers*
Finally, Vasquez's claims against NYCHA and its police officers must be dismissed because they, too, are not proper defendants.

The NYCHA Police Department did not even exist on September 21, 1995, the day of plaintiff's arrest. On September 9, 1994, the Mayor issued Executive Order No. 13, which provided that as of October 1, 1994 or as soon as possible thereafter "the [NYPD] shall assume the functions of the Housing Authority Police Department and uniformed housing police force thereof." Executive Orders of the Mayor of New York, No. 13. Consequently, in April of 1995, the Housing Authority Police Department (the "HAPD"), a division of the NYCHA, was transferred to and became a part of the NYPD. *See* Ganley v. Giuliani, 94 N.Y.2d 207, 214–15, 723 N.E.2d 73, 75–6, 701 N.Y.S.2d 324, 326–27 (1999).

*5 Accordingly, the officers who arrested Vasquez could not have been NYCHA police officers, and thus NYCHA cannot be held liable for the arresting officers' actions.

*CONCLUSION*
Defendants' motions to dismiss are granted. The complaint is dismissed in its entirety, with prejudice.

SO ORDERED.

S.D.N.Y.,2000.
Vasquez v. City of New York
Not Reported in F.Supp.2d, 2000 WL 869492 (S.D.N.Y.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Index No.  CV-12 1777 (JFB)(ETB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL V. LEVY,

                                               Plaintiff,

-against-

                                              Defendants.

THE TOWN OF NORTH HEMPSTEAD
and TOWN ATTORNEY its assignees, and
LAURA SAROWITZ ASSISTANT DISTRICT ATTORNEY

---

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

**HON. JOHN B. RIORDAN**
Town Attorney
Attorney for Defendant
TOWN OF NORTH HEMPSTEAD
220 Plandome Road
P.O. Box 3000
Manhasset, New York 11030
(516) 869-7600