UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL V. LEVY,

                                 Plaintiff,                  ORDER

      -against-

                                                                           CV 12-1777 (JFB) (ETB)

THE TOWN OF NORTH HEMPSTEAD and
TOWN ATTORNEY its assignees, and LAURA
SAROWITZ ASSISTANT DISTRICT ATTORNEY,

                                 Defendants.
------------------------------------------------------------------------X

       Before this Court is defendants' request for a stay of discovery pending a decision on their dispositive motions. For the reasons set forth below, defendants' request is granted and discovery is stayed pending the outcome of the motion for dismissal or summary judgment.

       "Although not expressly authorized by statue or rule, . . . the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citing cases). A court determining whether to grant a stay of discovery must look to the "particular circumstances and posture of each case." Id. The party seeking a stay of discovery bears the burden of demonstrating good cause. See Telesca v. Long Island Housing P'ship, Inc., No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, at *3-4 (E.D.N.Y. Apr. 27, 2006) (citing cases).

       Here, the defendants have made an adequate showing of "good cause" - the necessary predicate for relief under Federal Rule of Civil Procedure 26(c). See Ellington Credit Fund, Ltd. v. Select Portfolio Servs., No. 08 Civ. 2437, 2009 U.S. Dist. LEXIS 7905, at *3 (S.D.N.Y. Feb.

1

3, 2009) ("Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion, stay discovery for 'good cause.'"); Telesca v. Long Island Housing P'ship, Inc., No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, at *3-4 (E.D.N.Y. Apr. 27, 2006) ("Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown."); American Booksellers Ass'n v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 U.S. Dist. LEXIS 2044, at *2(S.D.N.Y. Feb. 21, 1995) ("'Good cause' [to stay discovery] requires a showing of facts militating in favor of the stay.").

The Town Attorney and the District Attorney raise substantive issues of immunity and whether or not this is a viable action against the Town of North Hempstead. If successful, in whole or in part, the motion will eliminate or substantially reduce not only the cost of litigation, but, even more importantly, the time which municipal employees must devote to discovery-related issues during which they will be diverted from performance of their respective municipal duties during these especially stressful times.

For the foregoing reasons discovery is stayed pending the outcome of the motion for dismissal or summary judgment. See Fed. R. Civ. P. 26(c).

SO ORDERED.

Dated: Central Islip, New York
September 18, 2012

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge