UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Nº 12-cv-1777 (JFB) (AKT)

MICHAEL V. LEVY,

Plaintiff,

VERSUS

TOWN OF NORTH HEMPSTEAD, TOWN ATTORNEY, AND LAURA SAROWITZ,

Defendants.

**MEMORANDUM AND ORDER**
September 18, 2013

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Michael V. Levy ("plaintiff" or "Levy") brings this action against the Town of North Hempstead (the "Town") and the Town Attorney (collectively, the "Town Defendants"), as well as against Assistant District Attorney Laura Sarowitz ("Sarowitz"), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Police Officer J. Mauro ("Mauro") unlawfully searched and seized him when he was stopped for a traffic violation on October 14, 2011. Plaintiff further alleges that the Town Defendants, as well as Sarowitz, are illegally prosecuting him for the traffic violation.

Sarowitz now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure (12)(b)(6). The Town Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Sarowitz's motion to dismiss is granted, and the Town Defendants' motion for summary judgment is granted.[1]

---

[1] The Town Defendants moved for summary judgment prior to any discovery being conducted in this matter. Although the Second Circuit has warned that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery," *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000), "there is nothing in the Federal Rules of Civil Procedure precluding summary judgment – in an appropriate case – prior to discovery," *Emigra Grp., LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 346 (S.D.N.Y. 2009). This is one of those rare cases. As discussed *infra*, the Town Defendants assert that plaintiff has sued the wrong party and that they have no connection to the alleged wrongs. However, in order to substantiate this assertion, the Town Defendants submitted affidavits and declarations demonstrating that not only do they not employ Mauro or Sarowitz, but that the Town does not employ any police officers or assistant district

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the complaint, including documents incorporated by reference. These facts are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss, and will construe them in a light most favorable to plaintiff, the non-moving party.

On October 14, 2011, plaintiff was driving on the Long Island Expressway when Mauro stopped him for driving in the wrong lane. (Am. Compl. ¶¶ 6-7.) Mauro then issued plaintiff tickets for additional traffic violations and confiscated plaintiff's license plates. (*Id.* ¶ 8.) Plaintiff also alleges that Mauro wrote incorrect information on the tickets, causing plaintiff to miss his court appearance and, thus, requiring a bench warrant to be issued against the plaintiff. (*Id.* ¶ 9.)

Plaintiff states that "Town of Hempstead prosecutor Assistant District Attorney Laura Sarowitz is prosecuting on behalf of the Town of North Hempstead." (*Id.* ¶ 12.) Plaintiff alleges that he is being illegally prosecuted so that defendants can receive "fees, penalties and court surcharges for unjust enrichment as a domestic not-for-profit." (*Id.* ¶ 18.) However, according to the Town Defendants' uncontroverted 56.1 statement and accompanying exhibits, plaintiff is being prosecuted by the Nassau County District Attorney's Office for the traffic violations. (Town Defs.' 56.1 ¶ 2.) Sarowitz is not an employee of the Town, and the Town does not employ any assistant district attorneys. (*Id.* ¶ 6; *see also* Decl. of Lorienton N.A. Palmer ("Palmer Decl.") Ex. G, Aff. of David Fooden ("Fooden Aff.") ¶¶ 7-8.) Similarly, the Town Defendants have submitted uncontroverted evidence that not only is Mauro not an employee of the Town, but that the Town does not employ any police officers. (Town Defs.' 56.1 ¶ 5; Fooden Aff. ¶¶ 5-6.)

The criminal case against plaintiff in Nassau County District Court is still ongoing. By letter dated August 5, 2013, counsel for Sarowitz informed the Court that, although plaintiff was given the opportunity to plead guilty to a violation, plaintiff wishes to exercise his right to proceed to trial. The trial is currently scheduled for October 1, 2013. (Letter from Monica M.C. Leiter, Aug. 5, 2013, ECF No. 26.)

### B. Procedural History

Plaintiff commenced this action on April 11, 2012 solely against the Town Defendants. The Town Defendants answered the complaint on June 1, 2012. On July 5, 2012, plaintiff filed an amended complaint, adding claims against Sarowitz. The Town Defendants filed an answer on July 23, 2012. On September 4, 2012, the Town Defendants filed a motion for

---

attorneys. Plaintiff was provided (by the Town Defendants) with the "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment," as well as copies of Federal Rule of Civil Procedure 56 and Local Civil Rules 56.1 and 56.2. (*See* ECF No. 17-4.) Thus, plaintiff has had sufficient notice and opportunity to respond to the Town Defendants' motion for summary judgment. In addition, plaintiff does not even assert that discovery is necessary regarding the Town Defendants' assertion that plaintiff has sued the wrong party. Accordingly, because plaintiff did not request discovery regarding whether the Town Defendants are the proper parties to this action (or even claim that the Town Defendants are mistaken and that they are the proper parties), and because the uncontroverted facts clearly demonstrate that the Town Defendants have no connection to this case, the Court grants the Town Defendants' motion for summary judgment even though the parties have not completed discovery.

summary judgment. On September 6, 2012, Sarowitz filed a motion to dismiss. Plaintiff filed an opposition to the motions on October 9, 2012, and the Town Defendants and Sarowitz submitted separate replies on October 17, 2012. The Court has fully considered all of the submissions of the parties.

II. STANDARD OF REVIEW

A. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citation omitted).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom.*, *Lentell v. Merrill Lynch Co.*, 396 F.3d 161 (2d Cir. 2005).

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible

3

on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

### B. Summary Judgment

The standard for summary judgment is well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. DISCUSSION

Plaintiff asserts that defendants violated his constitutional rights under Section 1983. To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself

create substantive rights; it offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

Plaintiff claims that defendants have violated the Fourth, Fifth, and Fourteenth Amendments, as well as Article VI of the Constitution.[2] Plaintiff expressly demands the following relief: "Declaratory Judgment and Injunctive relief," "to be release [sic] from the assignment of imprisonment on record of the Town of North Hempstead court calendar," and "to be release from unjust enrichment." (Am. Compl. at 5.[3]) In the first paragraph of his complaint, plaintiff similarly states that he "now seeks to [sic] Declaratory Judgment and Injunctive Relief from damages there from and to those damages which are continuing." (*Id.* ¶ 1.)

Construing plaintiff's complaint liberally and drawing all reasonable inferences in his favor, plaintiff appears to assert claims for false arrest and unlawful seizure against the Town Defendants and a claim for malicious prosecution against the Town Defendants and Sarowitz, and seeks to prevent the ongoing state prosecution. For the reasons set forth below, the Court grants the Town Defendants' motion for summary judgment and grants Sarowitz's motion to dismiss.

A. The Town Defendants

The Town Defendants have submitted declarations and affidavits to support their contention that the Town neither employs Mauro or Sarowitz, nor does it have any connection to the original stop of plaintiff's vehicle or his subsequent prosecution. (*See* Town Defs.' 56.1 ¶¶ 5-6; Fooden Aff. ¶¶ 5-8.) Plaintiff has not filed any evidence to oppose this contention. A plaintiff cannot sue an entity that has no plausible connection to the alleged wrongs. *See Torrelio v. Evergreen Shipping Agency (Am.) Corp.*, CA 10-0857, 2011 WL 675043, at *3 (D.S.C. Feb. 16, 2011) (dismissing action against defendant because plaintiff sued the wrong corporation); *Conley v. Tulsa Okla. Police Dep't*, 10-CV-0813, 2010 WL 5387696, at *1 (N.D. Okla. Dec. 22, 2010) (stating that plaintiff "may not sue unspecified Oklahoma police departments for wrongs allegedly committed by police officers in Milwaukee, Chicago, and Memphis"); *McDaniel v. City of Lewistown*, CV-09-276, 2009 WL 2998060, at *4-5 (M.D. Pa. Sept. 16, 2009) (granting motion for summary judgment when plaintiff sued for false arrest and judicial misconduct but "[d]efendant played no role at any stage – from arrest to sentencing and incarceration").

Accordingly, because no rational jury could find that the Town Defendants were involved in the search and seizure of plaintiff's vehicle, or in his subsequent prosecution, the Town Defendants' motion for summary judgment is granted, and all claims against the Town Defendants are dismissed.

B. Sarowitz

Although it is unclear from plaintiff's complaint, it appears that plaintiff alleges that Sarowitz is illegally prosecuting him so that the government can generate additional revenue. Construing plaintiff's complaint liberally, the Court believes that plaintiff is attempting to bring a malicious prosecution

---

[2] It is not apparent to the Court how plaintiff has any rights under Article VI of the Constitution, or how that Article has any relation to the facts alleged in plaintiff's complaint. Therefore, to the extent plaintiff is pursuing a claim under Article VI, it is dismissed.

[3] Although plaintiff's amended complaint has paragraph numbers throughout the complaint, the paragraph regarding the demand for relief is not numbered. Therefore, the Court has cited to the relevant page of the complaint.

claim. For the reasons set forth below, the claim against Sarowitz is dismissed.[4]

To prevail on a Section 1983 malicious prosecution claim, a plaintiff must show "a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment," and must establish the elements of a malicious prosecution claim under state law. *Washington v. Cnty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) (citation and internal quotation marks omitted). The elements of a malicious prosecution claim under New York law are as follows: "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

To the extent plaintiff seeks to enjoin an ongoing criminal prosecution, plaintiff's claim is barred by the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution instituted in good faith unless certain exceptions are met. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). However, a court may intervene in a state proceeding if a plaintiff can show extraordinary circumstances to warrant intervention. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Here, all the elements for *Younger* abstention are met. First, there is an ongoing

---

[4] It does not appear that plaintiff is seeking any monetary damages, but rather is seeking, through a declaratory judgment and injunction, to prevent unjust enrichment to defendants as a result of the ongoing prosecution. However, even assuming *arguendo* that his complaint could be liberally construed as also seeking monetary damages, such a claim could not be brought against Sarowitz because she has absolute immunity. "It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' 'is immune from civil suit for damages under § 1983.'" *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)) (internal citation omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of N.Y.*, 45 F.3d 653, 661 (2d Cir. 1995) (alteration in original) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held than an assistant district attorney's alleged acts of, *inter alia*, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* at 661. Thus, "[i]t is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler*, 424 U.S. at 430). On the other hand, "[w]hen a district attorney functions outside his or her role as an advocate for the People, the shield of immunity is absent. Immunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings." *Hill*, 45 F.3d at 661. The actions of Sarowitz in this case, initiating and maintaining a prosecution, fall squarely within the protection of absolute immunity. *See Imbler*, 424 U.S. at 431 (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). Thus, any claim for damages against her could not survive a motion to dismiss.

criminal proceeding. Second, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel*, 56 F.3d at 393. Finally, plaintiff's claim can be raised in the pending state criminal proceeding because there is no allegation that plaintiff has been denied the ability to raise this issue in his criminal case. *See id.* at 394 ("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes.").

Other courts have dismissed cases due to *Younger* abstention in similar circumstances. *See Lunch v. Nolan*, 598 F. Supp. 2d 900, 903 (C.D. Ill. 2009) (dismissing claims for injunctive relief and stating that "[plaintiff] is scheduled for criminal trial in April 2009, and is essentially asking this Court to enjoin aspects of those proceedings[;] [t]his is precisely what *Younger* forbids"); *Sullivan v. Stein*, No. 03-CV-1203, 2005 WL 43439, at *1-2 (D. Conn. Jan. 4, 2005) (denying preliminary injunction seeking federal court to enjoin criminal trial in state court); *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 637 (D. Conn. 1999) ("[B]ecause the defendants have demonstrated that the *Younger* abstention doctrine applies to this case and the plaintiff has failed to establish one of the exceptions to the *Younger* abstention doctrine, the plaintiff's claims for injunctive and declaratory relief are dismissed. The plaintiff's pending state prosecution provides him with sufficient opportunity for vindication of the federal constitutional rights he claims were violated by the defendants.").

In addition, plaintiff has not established that either exception to the *Younger* doctrine applies in this case. First, plaintiff has not demonstrated a "clear showing of great and immediate harm" to warrant intervention in the criminal proceeding. *Peralta v. Leavitt*, 56 F. App'x 534, 535 (2d Cir. 2003). The Second Circuit has held that the "burden of defending a criminal prosecution is . . . insufficient without more to constitute irreparable harm," *Davis v. Lansing*, 851 F.2d 72, 77 (2d Cir. 1988), and plaintiff has not alleged any other immediate harm that would result if this Court failed to enjoin the prosecution. Second, plaintiff's conclusory allegation that the criminal proceeding was initiated against him to generate revenue is "hardly the type of specific factual allegation[] of bad faith required to warrant *Younger* intervention to stop the plaintiff's state criminal trial." *Saunders*, 62 F. Supp. 2d at 636; *see also Collins v. Kendall Cnty., Ill.*, 807 F.2d 95, 98 (7th Cir. 1986) ("A plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts to support an inference of bad faith."); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 710 n.27 (S.D.N.Y. 2011) (stating that "[p]laintiff has failed to allege facts that would support applying either of [the] *Younger* exceptions" when plaintiff merely asserted "conclusory claims of bad faith and retaliation"); *Bhatia v. Conway*, No. 06 CV 1334, 2006 WL 3741189, at *3 (D. Conn. Dec. 19, 2006) ("A plaintiff seeking to invoke either the bad faith or extraordinary circumstances exceptions may not rely on conclusory allegations in a complaint or affidavit but must instead affirmatively demonstrate the justification for application of an exception." (citations and internal quotation marks omitted)).[5]

---

[5] Although the Second Circuit has held that an evidentiary hearing is required if there is a disputed issue of fact regarding a *Younger* exception, *see Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003), "when the complaint fails to allege any evidence of bad faith or if it does so only in the most conclusory manner, a court can decide whether to invoke the bad faith

7

The Court also notes that dismissal, as opposed to a stay of the proceedings, is the appropriate course of action in this case because plaintiff seeks declaratory and injunctive relief, and there is no separate claim for damages.[6] *See, e.g., Christ v. City of Missoula Police Dep't*, No. CV 12-106, 2012 WL 6552809, at *3 (D. Mont. Sept. 25, 2012) (Report and Recommendation) ("*Younger* abstention applies differently to claims for monetary damages than it does to claims for injunctive and declaratory relief. Where injunctive and declaratory relief is sought a dismissal of those claims is appropriate. But where monetary damages are sought the federal court should stay its hand under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. Thus, under *Younger*, claims for injunctive and declaratory relief should be dismissed without prejudice, and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings." (internal citations omitted)).

IV. CONCLUSION

For the foregoing reasons, the Court grants the Town Defendants' motion for summary judgment and dismisses the claims against them with prejudice. The claims for injunctive and declaratory relief against Sarowitz are dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 18, 2013
      Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*. The Town Defendants are represented by Lorienton N.A. Palmer, North Hempstead Town Attorney, 220 Plandome Road, PO Box 3000, Manhasset, NY 11030. Laura Sarowitz is represented by Monica Marie Cullen Leiter, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.

---

exception to *Younger* abstention on the basis of the complaint alone," *Wilson v. Emond*, No. 08 CV 1399, 2009 WL 1491511, at *2 (D. Conn. May 28, 2009). Several courts have dismissed claims due to *Younger* abstention without holding an evidentiary hearing. *See, e.g.*, *id.*; *Didden v. Vill. Of Port Chester*, 304 F. Supp. 2d 548, 567-68 (S.D.N.Y. 2004); *Saunders*, 62 F. Supp. 2d at 634. The Court finds that plaintiff's conclusory allegations of bad faith (which do not contain any specific allegations or supporting details) are insufficient to demonstrate a *prima facie* showing of bad faith, and, thus, an evidentiary hearing on the issue of bad faith is not required.

[6] In any event, as noted *supra*, any attempted claim for damages against Sarowitz would be precluded by the doctrine of absolute immunity.